UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THERON LEE ROLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23-cv-00569-SRC |
| | ) |
| BRYON CRUMP, et al., | ) |
| | ) |
| Defendants. | ) |

**Memorandum and Order**

Putting forth bare allegations, Plaintiff Theron Lee Rollins claims that Defendants Bryon Crump and EnviroPAK discriminated against him based on his race. Doc. 4 at p. 1. Rollins then claims that Defendants barred him "from working overtime, because he filed a claim with the EEOC;" terminated him "for filing the claim with the EEOC;" and moved him "to another shift for stand [sic] up for protected rights." *Id.* Defendants then moved to dismiss for failure to state a claim. Doc. 7; Fed. R. Civ. P. 12(b)(6). After Rollins failed to respond, the Court ordered him to show cause why the Court should not dismiss for failure to prosecute or grant Defendants' motion. Doc. 12. Rollins never responded to the motion or the show-cause order. The Court now grants Defendants' motion.

**I.    Standard**

Under Rule 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to give "a short and plain statement . . . showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

1

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  The Court must make all reasonable inferences in favor of the nonmoving party.  *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).

When ruling on a motion to dismiss, a court must liberally construe a complaint in favor of the plaintiff.  *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.  *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.  "A pleading that merely pleads labels and conclusions or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (internal quotations omitted).  Although courts must accept all factual allegations as true, they are not bound to accept as true a legal conclusion couched as a factual allegation.  *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677–78.

Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 679.  Therefore, the Court must determine if the well-pleaded factual

allegations "plausibly give rise to an entitlement to relief." *Id.* This "context-specific" task requires the court to "draw on its judicial experience and common sense." *Id.* at 679, 682.

The Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). That said, even *pro se* complaints must allege facts that, if true, state a claim for relief. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts need not assume non-alleged facts, *see Stone*, 364 F.3d at 914–15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel, *see McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**II.   Discussion**

Rollins alleges that Defendants (1) discriminated against him based on his race, (2) barred him from working overtime due to his claim with the EEOC, (3) terminated him for his claim with the EEOC, and (4) moved him to another shift for "stand[ing] up for protected rights." Doc. 4 at p. 1. Rollins includes no facts beyond these statements to support his position. *See id.* Defendants move to dismiss the claims against EnviroPAK based on Rollins's failure to plausibly state a claim beyond conclusory allegations that are unsupported by fact. Doc. 7 at pp. 3–4. Defendants also move to dismiss the same claims against Crump because the Eighth Circuit does not hold individuals personally liable under Title VII of the Civil Rights Act of 1964. Doc. 7 at p. 4.

Title VII makes it unlawful for an employer to "discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or

3

privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  Further, "[a]n unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m).  Additionally, Title VII bars employers from discharging any employee in retaliation "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).  "To establish a retaliation claim under Title VII, an employee must show [1] that he engaged in statutorily protected conduct, [2] that he suffered an adverse employment action, and [3] that the protected conduct was a but-for cause of the adverse action." *Bennett v. Riceland Foods, Inc.*, 721 F.3d 546, 551 (8th Cir. 2013) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 361–62 (2013)).

Even construed liberally, Rollins's claims against Defendants do not allege facts that could plausibly state a claim beyond conclusory statements.  First, regarding discrimination, Rollins merely states that he "was discriminated against by [EnviroPAK] because of [his] race." Doc. 4 at p. 1.  But Rollins alleges no facts to support his conclusory statement that Defendants discriminated against him based on his race.  Next, regarding retaliation, Rollins alleges that he was "barred from working overtime, because [he] filed a claim with EEOC," and that he "was terminated for filing claim [sic] with the EEOC." *Id.*  While alleging that he was barred from working overtime and that he was ultimately terminated, Rollins includes no facts to imply that his EEOC complaint was a "but-for cause of the adverse action." *Bennett*, 721 F.3d at 551.

4

Thus, Rollins has not alleged facts that would plausibly state a claim for relief, and the Court denies without prejudice Rollins's claims against Defendants.

Further, Rollins's claims against Defendant Crump fail because Crump is an individual employee, not an employer, and therefore is not liable under Title VII. The Eighth Circuit holds that employees are not personally liable under Title VII. *See Spencer v. Ripley Cnty. State Bank*, 123 F.3d 690, 691–92 (8th Cir. 1997) (per curiam) (affirming district court's dismissal of an employee because individual employees are not personally liable under Title VII); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994) ("[L]iability under 42 U.S.C. § 2000e(b) can attach only to employers."); *Lenhardt v. Basic Inst. of Techn., Inc.*, 55 F.3d 377, 381 (8th Cir. 1995) (reasoning that because Title VII does not hold supervisors and other employees personally liable in their individual capacities, a similar Missouri statute also does not hold employees personally liable). Thus, because Crump was not an employer—and Rollins does not allege he was—Crump cannot be personally liable under Title VII and the Court dismisses with prejudice the claim against Crump.

### III. Conclusion

The Court dismisses without prejudice the claims against EnviroPAK for failure to state a claim and dismisses with prejudice the claims against Crump since Title VII does not hold individuals personally liable.

So Ordered this 21st day of July 2023.

*SL R. CL*

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

5